﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200421-79456
DATE: March 31, 2021

ORDER

Entitlement to an effective date of March 8, 2018, for the grant of service connection for posttraumatic stress disorder (PTSD) is granted.

FINDINGS OF FACT

1. The Veteran’s initial claim for service connection for PTSD was denied in an unappealed December 2016 rating decision. 

2. A supplemental claim for entitlement to service connection for PTSD was received on March 8, 2018; the Veteran has continuously pursued his claim since that date. 

CONCLUSION OF LAW

The criteria for an effective date of March 8, 2018, for the grant of service connection for PTSD have been met. 38 U.S.C. §§ 5101, 5107, 5110; 38 C.F.R. §§ 3.400, 3.2500(c) and (h). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Army from March 1988 to March 1992. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a December 2019 Appeals Modernization Act (AMA) rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).    

In his April 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the Veteran elected the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal.  38 C.F.R. § 20.301.  

For the purpose of more accurately reflecting the scope of the Veteran’s claim, the issue has been recharacterized as shown on the title page.  

Entitlement to an effective date of March 8, 2018, for the grant of service connection for PTSD. 

The Veteran seeks an effective date earlier than September 30, 2019 for the award of service connection for his PTSD. He contends, that the effective date should be May 10, 2019, the date VA received his intent to file a claim. See April 2020 VA Form 10182. Upon review, the Board finds that an effective date of March 8, 2018 is warranted.

Generally, the effective date of an evaluation and award of compensation based on an initial claim or supplemental claim will be the date of receipt of the claim or the date entitlement arose, whichever is later, unless otherwise provided.  38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. 

Further, for AMA appeals, as here, 38 C.F.R. § 3.2500(h) controls the assignment of effective dates. Under that provision, the effective date will be the date VA received a veteran’s initial claim or the date entitlement arose, whichever is later, if a veteran continuously pursues an issue by timely filing in succession any of the available review options as specified in § 3.2500(c) within one year of the issuance of the decision.  38 C.F.R. § 3.2500(h)(1). With supplemental claims received more than one year after notice of a decision, the effective date will be fixed in accordance with the date of entitlement arose, but will not be earlier than the date of receipt of the supplemental claim.  38 C.F.R. § 3.2500(h)(2). The AMA requires that claims, to include supplemental claims, be submitted on the proper form. 38 C.F.R. § 3.155(d)(1)(i). 

Here, in pertinent part, the Veteran’s claim for entitlement to service connection for his PTSD was denied in a December 2016 Legacy rating decision. The Veteran did not initiate an appeal of that decision and thus, it became final. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.302, 20.1103. As such, new and material (or new and relevant for claims filed after February 19, 2019) evidence was needed to reopen the claim. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156, 3.2501. On March 8, 2018, the Veteran filed a signed VA Form 21-526EZ along with a signed VA Form 21-4142, authorizing the VA to obtain his medical records related to his PTSD and depression. On March 12, 2018, the VA sent a notice letter to the Veteran informing him that the claim for entitlement to service connection for PTSD and depression cannot be reopened because no new evidence was submitted in support of his claim. Subsequently, on March 14, 2018 and March 30, 2018, the RO sent notice letters to the Veteran informing him that attempts were made to obtain treatment records relevant to his claim for entitlement to service connection for PTSD and depression. 

The evidence of record also shows that the Veteran submitted a statement in support of his claim on November 21, 2018 and new private treatment records related to the Veteran’s PTSD and depression were obtained on November 26, 2018. Subsequently, the AOJ sent the Veteran a notice acknowledging his May 10, 2019 “intent to file,” although the referenced document is not associated with the claims file. Shortly thereafter, on September 30, 2019, the Veteran filed a claim for service connection for PTSD and depression. In the December 2019 AMA rating decision, the RO granted service connection for the Veteran’s PTSD and assigned September 30, 2019 as the effective date for this claim. 

Based on the procedural development presented in this case, the Board finds that the earliest communication from the Veteran that can serve as an effective date of the Veteran’s award of service connection for his PTSD, is his claim application received on March 8, 2018. As noted, the Veteran submitted an application for service connection claim for his PTSD and depression on March 8, 2018 and identified potentially new evidence. While this evidence was not in the record at the time of the March 2018 VA’s denial notice, as the Veteran identified potentially new evidence the VA had a duty to assist the Veteran with the development of his claim prior to adjudication. See 38 C.F.R. § 3.159. Importantly, the record also shows that the RO later attempted to obtain evidence pertinent to his claim. See VA Letters dated March 14, 2018 and March 30, 2018. Accordingly, the Board finds that the effective date is March 8, 2018, the date of receipt of the claim.

Based on the foregoing, the Veteran’s complete claim is considered filed as of March 8, 2018, the date VA received his claim application with the form that identified potentially new evidence in support of his claim. 38 C.F.R. § 3.2500(h)(1). Thus, an earlier effective date of March 8, 2018 is granted.

 

C. CRAWFORD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Kuzniar, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.